UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

        Plaintiff,                      Case No. 13-13410

v                                           Honorable Thomas L. Ludington

CHRISTOPHER MERRILL, et al.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS

On August 8, 2013, Plaintiff Allstate filed a complaint seeking a declaratory determination that a vehicle-pedestrian collision between Christopher Merrill, the driver, and Jason Thornton, the pedestrian, fell outside the scope of the Merrill's no-fault insurance policy. Allstate believes, based upon its review of the police reports and other information, that Thornton's injuries were the result of an intentional act rather than an accident. After the collision, however, Thornton filed a lawsuit in state court against the Merrills to recover for personal injuries and damages under Michigan's No-Fault Insurance Act. The Act requires auto carriers to provide coverage for "accidental bodily injuries" while excluding coverage for injuries "suffered intentionally." Mich. Comp. Laws § 500.3105. The Merrills, who are insured by Allstate, contend that Thornton's injuries resulted from an accident and that Allstate has a duty to defend and indemnify them in Thornton's state-court lawsuit.

On September 25, 2013, Defendant Deborah Merrill filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Defendant Deborah Merrill asserts that the incident was an accident and that therefore Allstate has not stated a cause

of action for declaratory relief for the denial of coverage. Accordingly, she contends that Allstate's action for declaratory relief should be dismissed. About one week after Deborah Merrill filed her motion, Defendants Christopher and David Merrill filed a motion to dismiss, asserting identical arguments. ECF No. 9.

More specifically, the Merrills argue that the possibility that Thornton acted intentionally cannot serve as a basis for Allstate's assertion that the collision was intentional when Christopher Merrill, the insured party, did not intend for the collision to occur. Defendants argue that even if Thornton acted intentionally, from Christopher Merrill's viewpoint, the collision was an "accident." However, because the Court may consider evidence of Thornton's intentional conduct as well as any evidence of Christopher's intent when deciding whether the collision was an "accident" under Michigan law, Defendants' motions to dismiss will be denied.

I

The facts must be viewed in the light most favorable to Plaintiff Allstate. *See Lambert v. Hartman*, 517 F.3d 443, 439 (6th Cir. 2008). This litigation arises out of a vehicle-pedestrian collision that occurred in Midland, Michigan. Compl. ¶ 11.

A

On March 30, 2013, Defendant Chrisopher Merrill was driving his 1998 Ford Truck Expedition, which was insured by Allstate under a policy issued to Defendants David and Deborah Merrill. *Id*. ¶ 12-13. As Christopher pulled out of his driveway, he noticed a red Grand Am quickly approaching in his rear view mirror. *Id*. Ex. A at 1. Christopher had seen this vehicle driving recklessly in the past. *Id*. Ex. A at 1.

Christopher pulled his vehicle over to the side of the road so that the red Grand Am could pass. Compl. Ex. A at 1. Rather than passing, however, the red Grand Am pulled up behind

Christopher's vehicle and the driver, Jason Thornton, exited. *Id*. The two men began to argue, and Christopher told Thornton to "Quit speeding down my road you welfare baby or ill [sic] shoot you in the face." *Id*. Ex. A at 2.

After the confrontation, Thornton returned to his vehicle and drove away. Compl. Ex. A. at 1. Christopher continued driving. *Id*. When Christopher approached the intersection of Capitol and Van Buren Street, he saw the red Grand AM parked in the driveway of a house on the corner. *Id*.

Christopher turned onto Van Buren Street so that he could obtain the street address or the vehicle's plate information. Compl. Ex. A at 1. As Christopher approached the residence, Thornton started walking towards the road with his hands raised in a "confrontational" way. *Id*.

Christopher slowed his vehicle down as Thornton approached him. Compl. Ex. A at 2. Christopher reported to Police Officer Stefaniak that Thornton walked to the middle of the roadway and then intentionally threw himself on to Christopher's vehicle. *Id*. He further reported to Officer Stefaniak that he thought this to be intentional and that Thornton purposely tried to damage his vehicle. *Id*. at 4. After the collision, Christopher drove down the road and called 911 to report the incident. *Id*. at 2. Notably, at least to Allstate's initiation of this action, is the fact that Thornton reported to Officer Stefaniak that his injuries resulted from Christopher's conduct in "intentionally swerve[ing] at him and and hit[ting] him." *Id*. at 4.

**B**

Thornton then brought suit in state court against the Merrills to recover for the injuries he suffered as a result of the collision. Compl. ¶ 31, Ex. C. In his complaint, Thornton alleges that Christopher Merrill was driving "with willful and wanton disregard for the safety of others"

when Christopher and his SUV struck him. *Id.*, Ex. C at 2. Thornton claims that he is entitled to damages recoverable under the Michigan No-Fault Insurance Act.

Plaintiff Allstate has refused to defend the Merrills in the state suit, claiming that the incident fell outside the scope of the insurance coverage. Compl. ¶ 32. Allstate claims that the insurance policy provides coverage only for "accidental" injuries while excluding injuries resulting from intentional acts. Allstate further claims that, according to the police reports, Thornton's conduct was intentional, and thus the collision between Thornton and Christopher Merrill was excluded from the policy's coverage.

In its complaint, Allstate names not only the Merrills, whom it insures, but also Jason Thornton as Defendants. Compl. 1. Thornton contests this Court's jurisdiction in his Answer, stating that there is no case or controversy between him and Allstate:

> Under Michigan law, Jason Thornton has no claim against Allstate Insurance Company and cannot name Allstate Insurance Company in its litigation now pending in Midland County Circuit Court, File No. 13-9482-CZ-B. See, MCL 500.3030. Additionally, Defendant Jason Thornton has never made a claim to Allstate Insurance Company with regard to the accident of March 30, 2010. Finally, the insurance policy attached by Plaintiff, and does not permit Defendant Jason Thornton to pursue a claim against Allstate Insurance Company unless and until a judgment has been obtained in Circuit Court for the County of Midland and/or through an agreement with Allstate Insurance Company.

Answer, ECF No. 4 at 2. The Merrills filed the present motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II**

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the

non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

## III

In their motions to dismiss, the Merrill Defendants argue that because the collision is covered under the Allstate Insurance policy, Allstate's complaint fails to state a claim upon which relief may be granted. Specifically, they argue that even if Thornton's actions were intentional, Christopher Merrill's were not: Christopher Merrill did not intend to hit Thornton or damage his vehicle. Accordingly, they argue that Thornton's intentional conduct cannot serve as the basis for Allstate to deny coverage.

An insurance policy must be enforced in accordance with its terms. *Frankenmuth v. Mut. Ins. Co. v. Masters*, 595 N.W.2d 832, 837 (1999). A court should interpret the terms of an insurance contract in accordance with their "commonly used meaning," taking into account the reasonable expectations of the parties. *Id*. In interpreting ambiguous terms of an insurance policy, a court should construe the policy in favor of the insured. *Id*. However, a court should not create ambiguity when the terms of the contract are clear; an insurance company should not be liable for a risk it did not assume. *Id*.

Here, the Merrill's insurance policy states that it only provides coverage for "accidents":

>Allstate will pay for damages an insured person is legally obligated to pay because of:
>
>1. *Accidental* bodily injury sustained by any person, and
>2. *Accidental* damage to or destruction of property.
>
>Under these coverages, your policy protects an insured person from claims for *accidents* arising out of the ownership, maintenance or use, loading or unloading of an insured auto.

Compl. Ex. B at 42 (emphasis added). Indeed, the insurance policy specifically excludes from coverage: "bodily injury or property damage caused intentionally by or at the direction of that insured person." *Id*. at 44.

The Merrill's insurance policy also states that "[Allstate] will defend an insured person sued as the result of an auto *accident*," but "will not defend an insured person sued for damages which are not covered by this policy." Compl. Ex. B at 42 (emphasis added).

In the instant case, the term "accident" is not defined by the Allstate policy. Under Michigan law, when the meaning of a term is not obvious from the policy language, the "commonly used meaning" controls. *Arco Indus. Corp. v. Am. Motorists Ins. Co.*, 531 N.W.2d 168, 185 (Mich. 1995). The Michigan Supreme Court has repeatedly stated that "an accident is an undersigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, and not naturally expected." *Frankenmuth*, 595 N.W.2d at 838; *Arco*, 531 N.W.2d at 173. Furthermore, the definition of "accident" should be framed from the standpoint of the insured, not the injured party. *Frankenmuth*, 595 N.W.2d at 838. Thus, whether an "accident" occurred must be evaluated based on the direct and circumstantial evidence from the standpoint of Christopher Merrill.

The Michigan Supreme Court has further clarified that the appropriate focus of the term "accident" must be on both "the injury-causing *act* or *event* and its relation to the resulting

property damage or personal injury." *Frankenmuth*, 595 N.W.2d at 838-39. Contrary to Defendants' assertions, if either Christopher Merrill or Thornton committed an intentional act, then the collision was not an "accident" under Michigan law. If a third party acts intentionally, then the conduct is not "accidental" even where the insured is not at fault. *See Essex Ins. Co. v. Hegira Programs, Inc.*, 2001 WL 279754, at *3 (E.D. Mich. Jan. 25, 2001) (holding that an intentional attack on the insured was not an "accident" under Michigan law).

Michigan case law thus rejects Defendants' argument that Allstate cannot "impute the [intentional] actions of Defendant Thornton to Christopher Merrill to deny coverage for the alleged injuries . . . ." Def.'s Mot. to Dismiss 12, ECF No. 7. Michigan law focuses on the injury-causing conduct, not the identity of the actor, in determining whether there was an "accident." Accordingly, Thornton's actions would not be "imputed" to the Merrills; rather, his conduct would be taken into consideration in view of all of the available evidence when deciding whether there was an "accident" that would be covered by the Allstate insurance policy. Under these set of facts, it is possible that Thornton's injuries and the Merrills' property damage were not, as Allstate alleges, the result of an "accident," and are therefore excluded from insurance coverage.

Alternatively, Officer Stefaniak's police report attached to Allstate's complaint indicates that immediately following the collision, Thornton stated that Christopher "intentionally swerved at him and hit him."[1] Compl. Ex. A at 3. Relying on these facts, Allstate could sufficiently state a claim for relief because the insurance policy explicitly excludes "bodily injury or property damage caused intentionally by or at the direction of that insured person." Compl. Ex. B at 44.

---

[1] Thornton's state-court complaint directly contradicts the statements he made to law enforcement immediately following the collision. While his statements to police indicate that he thought Christopher intentionally hit him, Thornton's complaint alleges that he was injured due to Christopher's "negligence," "willful and wanton disregard for the safety and rights of others," and lack of "due diligence and circumspection." Despite the inconsistencies between the Thornton's complaint and his statements to law enforcement after the collision, the Court must still construe the facts in the light most favorable to Plaintiff Allstate.

- 8 -

Therefore, because Merrill's intentional actions—if any—would be excluded under the insurance policy, Allstate has stated a claim for relief.

Construing the facts in light of the view most favorable to Allstate, the complaint has set out a valid claim upon which relief may be granted. Therefore, Defendants' motions to dismiss will be denied.

## IV

Accordingly, it is **ORDERED** that Defendant Deborah Merrill's motion to dismiss (ECF No. 7) is **DENIED**.

It is further **ORDERED** that Defendants Christopher Merrill and David Merrill's motion to dismiss (ECF No. 9) is **DENIED**.

                                                                                   s/Thomas L. Ludington
                                                                                   THOMAS L. LUDINGTON
                                                                                   United States District Judge

Dated: November 8, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2013.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS